
FILED
JAN 0 2 2020
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>Respondent. | CV 19-202-M-DLC<br><br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a Montana State Prisoner, filed a motion on December 19, 2019, challenging a 60-year state court sentence imposed in 2013 upon remand from the Montana Supreme Court. In the instant matter, Godfrey purportedly seeks relief under Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 1.) This is Godfrey's eighth attempt to challenge his 2013 sentence. His initial challenge was denied; Godfrey's subsequent habeas petitions were dismissed for lack of jurisdiction as unauthorized second and/or successive petitions.[1]

---

[1] See, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014)(denying petition for lack of merit); *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No.

1

The motion at hand is a disguised second or successive Section 2254 petition. Because Godfrey is seeking to challenge a state court sentence, Section 2254 provides the only basis for such a challenge. *White v. Lambert*, 370 F. 3d 1002, 1007-10 (9th Cir. 2004)(holding "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"). State prisoners generally may only file one federal habeas petition challenging a particular state court conviction and/or sentence. Consequently, Godfrey's renewed attempt to attack his 2013 sentence is subject to the stringent limitations governing second or successive § 2254 petitions. See, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); 28 U.S.C. § 2244(b)(2) (unless exceptions are met which are not applicable in the present case, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).

Additionally, the Federal Rules of Criminal Procedure, including Rule 35, apply only to federal criminal proceedings, not to state court matters. See, e.g., Fed. R. Civ. P. 1(a)(1) ("these rules govern the procedure in all criminal proceedings in the United States district courts…"); *U.S. ex. rel Gaugler v.*

---

CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction).

*Brierley*, 477 F. 2d 516, 523 (3d Cir. 1973)(the Federal Rules of Criminal Procedure "do not extend to prosecutions in state courts for violations of state criminal laws" and "govern only prosecutions in federal courts for violation of criminal laws of the United States"). Godfrey's Rule 35 Motion does not present any tenable basis for relief and warrants summary dismissal. See, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Pursuant to the rationale set forth in this Court's order entered in *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019), this matter is dismissed. Godfrey's remedy, if any, lies in appeal to the Ninth Circuit Court of Appeals or in an application to that Court for leave to file a second and/or successive petition in this Court.

A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey was well aware of the requirements that apply to second or successive habeas applications before he filed the instant motion.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Motion/Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

3

3. The Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is DENIED as moot.

4. A certificate of appealability is DENIED.

5. This action is CLOSED. No further motions may be filed.

DATED this 2nd day of January, 2020.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court